**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-02916-DDD-TPO

CESAR ALEJANDRO OCAMPO GARCIA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center;

GEORGE VALDEZ, in his official capacity as Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement;

DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; and

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

     Respondents.[1]

---

### ORDER GRANTING WRIT OF HABEAS CORPUS

---

Petitioner Cesar Alejandro Ocampo Garcia seeks a writ of habeas corpus directing his immediate release from immigration detention or a bond hearing before an immigration judge. Doc. 1. For the following reasons, his petition is granted, and the respondents must provide the petitioner with a bond hearing or else release him within seven days of this Order.

---

[1]   To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

- 1 -

## BACKGROUND[2]

The petitioner is a citizen of Colombia who entered the United States in November 2022 and was granted humanitarian parole into the country under 8 U.S.C. § 1182(d)(5) until February 2023, at which time his release was continued on conditional parole under 8 U.S.C. § 1226(a) until he was detained by U.S. Immigration and Customs Enforcement at a scheduled check-in in Colorado on June 3, 2026. Doc. 1 at 2, 27. On February 9, 2023, the petitioner was served with a Notice to Appear initiating removal proceedings under 8 U.S.C. § 1229a, and those proceedings are ongoing. *Id.* The petitioner has no apparent criminal history. *Id.* at 27. He contends that the respondents unlawfully arrested him without a warrant in violation of the Fourth Amendment and that they are unlawfully detaining him without a bond hearing in violation of the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause. *See* Doc. 1 at 27-32.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533

---

[2]     In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th
Cir. 2001).

## DISCUSSION

While removal proceedings are being adjudicated, a noncitizen may
be detained under 8 U.S.C. § 1225 or 1226. *See Johnson v. Guzman
Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583
U.S. 281, 287-89 (2018). Section 1225 is generally limited to noncitizens
who are detained at the border, and Section 1226 applies to noncitizens
who have entered the United States and are thereafter detained in the
interior of the country. *See Santillan Quiroz v. Mullin*, — F.4th —,
No. 26-6019, 2026 WL 1876709, at *4 to *17 (10th Cir. June 30, 2026).
Except for certain criminal aliens, noncitizens who are arrested and de-
tained under Section 1226 are entitled to a bond hearing before an im-
migration judge and may be released on bond or conditional parole if
such release would not pose a danger to property or persons and the
noncitizen is likely to appear for future proceedings. 8 U.S.C. § 1226;
8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also Guzman Chavez*, 594 U.S.
at 527 & n.2; *Jennings*, 583 U.S. at 306.

The petitioner here contends that he may only be subjected to deten-
tion under Section 1226(a), and he is therefore entitled to a bond hearing
before an immigration judge, which he has not received since he was
detained on June 3, 2026. The respondents state that they "are not sub-
mitting a brief in opposition to the Petition," and they "recognize that
the Court may then decide to grant the Petition . . . and award appro-
priate relief." Doc. 7 at 1-2. Because the petitioner was detained in the
interior of the country, is not in expedited removal proceedings under
Section 1225(b)(1), and has no apparent criminal history that would
subject him to mandatory detention under Section 1226(c), he may only
properly be detained under Section 1226(a), and he is entitled to a bond

hearing. *See Santillan Quiroz*, 2026 WL 1876709, at \*4 to \*17. I therefore "must grant [his habeas] petition forthwith," and "order the Government to, within seven days . . . either provide him with a bond hearing or else release him."[3] *Id.* at \*17 n.13.

### CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 4, is **MADE ABSOLUTE**, and the Petition for Writ of Habeas Corpus, **Doc. 1**, is **GRANTED**;

Within **one week** of this Order, the respondents must provide the petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1), 1003.19, & 1236.1(d)(1) or else release the petitioner, and file a status report stating the results of any bond hearing that was conducted or the date of the petitioner's release if no bond hearing was held; and

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to substitute David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, in place of Respondent Todd M. Lyons.

DATED: July 13, 2026             BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

---

[3] Because habeas relief is granted on the basis that the petitioner is in custody in violation of the Immigration and Nationality Act, I need not address his other asserted grounds for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004).